UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROGER ALEJANDRO PIÑATE MARTINEZ, and
JORGE MIGUEL VASQUEZ,

    Defendants.
_____/

## REPLY TO RESPONSE TO MOTION TO COMPEL PROPER NOTICE UNDER RULE 404(b)

Mr. Piñate and Mr. Vasquez's Motion to Compel Proper Notice Under Rule 404(b) is not to gain any sort of strategic advantage, as the Government claims; rather, Mr. Piñate and Mr. Vasquez ask the Court to use its discretionary authority to ensure orderly and efficient resolution of evidentiary disputes well before trial. With their Motion, Mr. Piñate and Mr. Vasquez hope to avoid eleventh-hour litigation of complex evidentiary issues and instead promote a transparent and efficient pretrial process that allows the Court to address these issues well in advance of trial. And because the government has substantially expanded the scope and breadth of evidence it seeks to introduce, including evidence from multiple countries and allegations dating back over a decade, the defendants require additional information in order to properly prepare their defenses.

The defendants acknowledge that Rule 404(b) does not expressly mandate that the Government identify specific witnesses, exhibits, or Bates numbers. But Rule

404(b)(3) does expressly condition admissibility on "reasonable notice" sufficient to give the defense "a fair opportunity to meet it," And the Court retains discretion to determine whether a notice is sufficiently timely and complete. Fed. R. Evid. 404(b) Advisory Committee Notes (1991 Amendments). The Eleventh Circuit has emphasized that the *purpose* of the notice is to reduce surprise and permit adequate trial preparation. *United States v. Perez-Tosta*, 36 F. 3d 1552, 1561 – 62 (11th Cir. 1994), citing Fed. R. Evid. 404(b) Judiciary Committee Notes.

The government's response, which largely restates its original Rule 404(b) notice, is problematic because of the nature of this case and the additional evidence the government seeks to introduce.  This is not a drug case where the government seeks to introduce a previous narcotics conviction to show knowledge or intent, or an insider trading case where the government wants to show the jury past illicit trading. This case, and the government's 404(b) Notice, are far more complex and convoluted.

The Government's 404(b) Notice references six separate alleged schemes and conspiracies (none of which are supported by a criminal conviction), while broadly asserting that the Government will rely on witness testimony, financial and business records, and email and text communications. The Government does not identify which records, which witnesses, or which communications. This leaves Mr. Piñate and Mr. Vasquez sifting through millions of documents to guess what will be offered, and it leaves the Court without a clear record to assess admissibility.  It also prejudices the defendants' ability to prepare a defense, because the broad and

imprecise nature of the allegations affects the defendants' ability to understand them and not be surprised at trial.

Indeed, some of the allegations relate to events that occurred primarily, or in large part, outside the United States. The defendants are unable to determine which subpoenas, letters rogatory, or Rule 15 depositions they might need to support their defenses based on the conclusory nature of the Notice. And the government's admonition that the defendants should read the Rule 15 deposition transcripts (which the government produced three months after the depositions) raises questions about the government's decision to examine witnesses about Rule 404(b) in June 2025 while concealing from the defendants its intention to introduce such evidence at trial.

Waiting until exhibit lists are due, in March of 2026, will force all parties, and the Court, to address these evidentiary disputes in the weeks immediately before trial and ultimately could lead to confusion and delay. This compressed schedule benefits no one. It guarantees the last-minute scramble of filings and hearings on issues that could have been resolved months earlier, and raises the possibility that the defendants will be forced to choose between a speedy trial and an effective defense. By contrast, ordering the Government to identify the specific evidence that it believes supports its 404(b) theories would allow the disputes to be briefed and decided with ample time in advance of trial. Judicial economy and fairness are valid reasons for requiring more detail. This Court has the discretion to require particularity where it will streamline proceedings and minimize prejudice.

Mr. Piñate and Mr. Vasquez have narrowly tailored their request. They do not ask for full exhibit or witness lists, or for premature disclosure of trial strategy (although, to the extent these could implicate the defendants' need for additional Rule 15 depositions given that all 404(b) issues involve alleged foreign activity). Instead, Mr. Piñate and Mr. Vasquez ask that the Government identify the specific evidence (documents, witnesses, or exhibits) that it intends to prove the alleged acts for which it gave notice. The Government's Notice uses loaded legal conclusions – "bribes," "kickbacks," and "slush funds" – without citing supporting evidence. Without specificity, Mr. Piñate and Mr. Vasquez cannot meaningfully challenge whether the evidence meets the 404(b) standard.

In sum, the request falls comfortably within the Court's discretionary authority, advances fairness and efficiency, reduces the risk of undue prejudice and confusion, and safeguards the record. Early identification will streamline pretrial proceedings and conserve judicial resources—precisely the goals that Rule 404(b)'s notice requirement is intended to serve.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff
Florida Bar Number 0086951
lkrasnoff@markuslaw.com

*Counsel for Defendant Jorge Vasquez*

4

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel: (305) 476-7400

By: /s/ *Curtis B. Miner*
Curtis B. Miner, Esq.
(Florida Bar No. 885681)
E-mail: curt@colson.com
Thomas A. Kroeger, Esq.
(Florida Bar No. 885681)
E-mail: tom@colson.com

**MORGAN, LEWIS & BOCKIUS, LLP**
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel: 202-739-5932
Sandra L. Moser, Esq. (*pro hac vice*)
E-mail: Sandra.moser@morganlewis.com
Justin D. Weitz, Esq. (*pro hac vice*)
E-mail: Justin.weitz@morganlewis.com

*Counsel for Defendant Roger Alejandro Piñate Martinez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on October 8, 2025.

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff