UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA

vs.

JORGE MIGUEL VASQUEZ,

      **Defendant.**
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT VASQUEZ'S MOTION TO COMPEL GRAND JURY TRANSCRIPTS

The United States of America, by and through its undersigned counsel, hereby files this Response in Opposition to defendant Vasquez's Motion for the Release of Grand Jury Transcripts. DE 261. Defendant Vasquez's motion puts forth two bases for release of the transcripts: 1) that the material may support a motion to dismiss; and 2) that the material is necessary so that defendant Vasquez can make a determination about whether he will testify at trial six months from now. Neither argument is availing — and this Court previously explicitly rejected the first argument when put forth by defendant Vasquez's prior counsel during the March 4, 2025, hearing. As such, the motion should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2024, a federal grand jury in the Southern District of Florida returned an indictment charging the defendant and his co-conspirator Roger Piñate with conspiracy to violate the Foreign Corrupt Practices Act (FCPA) (Count 1), a substantive violation of the FCPA (Count 2), conspiracy to commit money laundering (Count 3), and three charges of international laundering of monetary instruments (Counts 4-6). DE 12. Elie Moreno and Juan Andres Donato Bautista are also

1

charged in Counts 3 through 6. Bautista was a "foreign official" during the relevant time period, serving as Chairman of the Commission on Elections of the Republic of the Philippines (COMELEC) from on or about April 2015 to October 2017. The indictment describes three contracts valued at approximately $182 million that were awarded by COMELEC to Smartmatic and its related entities that employed defendants Vasquez, Piñate, and Moreno. The contracts related to supplying COMELEC with voting machines and related services for the 2016 elections in the Philippines.

The government's investigation uncovered a criminal scheme by the defendants to pay bribes to Bautista to obtain and retain business and receive payments — including releases of value added tax ("VAT") payments — from COMELEC. The investigation further identified a related "kickback" scheme in which the vendor that manufactured the relevant voting machines (referenced in the indictment as Vendor A) paid defendant Vasquez millions of dollars for directing voting machine manufacturing business to Vendor A.

To facilitate the bribe payments, defendants Vasquez, Piñate, and others created "slush funds" by inflating the cost per voting machine for the 2016 elections, specifically by adding fees of $50 and $10 per unit. Defendant Vasquez and his co-conspirators referred to the money feeding the slush funds as the "Extra Fee" (funds from the extra $50/unit charged) and the "RUE" (funds from the extra $10/unit charged). In approximately August 2016, the defendants paid Bautista approximately $1,000,000 in bribes from the "Extra Fee" slush funds. Vendor A paid defendant Vasquez millions of dollars in kickback payments from the "RUE" slush funds.

On March 4, 2025, this Court held a hearing on a prior motion by defendant Vasquez seeking to "exclude false statements" and requesting an evidentiary hearing. During the hearing, then-

2

counsel for defendant Vasquez argued for release of grand jury testimony by S.A. Almeida. This Court expressly disagreed that the grand jury testimony could form the basis of a motion to dismiss (*see* Tr. 9:1-15, "On what basis would you have a motion to dismiss? . . . I don't see where we go from that to a motion to dismiss."). During the hearing, then-counsel for defendant Vasquez argued that the grand jury "may have indicted solely based upon the inaccuracies and the spin put on this by the agent if his testimony was the same as his ROI's." Tr. 9:25-10:2. Again, this Court was not persuaded and stated, "I have read this and I honestly just don't see it." Tr. 10:6.

After clarifying that the grand jury testimony is only *Jencks* material if S.A. Almeida were to testify at trial, and that the government had not yet determined whether he would testify, this Court stated: "at some point because of this discussion I will most probably ask you to give it to the defense." Tr. 6:5-6. Toward the end of the discussion of the investigation reports and grand jury testimony, this Court further stated "[A]t some point I am going to ask the Government to provide the testimony of the agent before the Grand Jury prior to trial, but I'm not asking them to do that now." *Id.* 18:1-4. On March 6, 2025, the Court issued under seal Docket Entry 109, the substance of which the Government refers for the Court's attention.

On October 16, 2025, a federal grand jury in the Southern District of Florida returned a superseding indictment, which did not change the charges as to the individual defendants including defendant Vasquez, and charged corporate defendant SGO Corporation Limited, a/k/a "Smartmatic," with Counts 1, and 3-6.

## LEGAL STANDARD

"It has long been the policy of the law that grand jury proceedings be kept secret." *United States v. Aisenberg*, 358 F.3d 1327, 1346 (11th Cir. 2004) (quoting *Blalock v. United States*, 844

3

F.2d 1546, 1555 (11th Cir. 1988)). "Rule 6(e) of the Federal Rules of Criminal Procedure codifies this secrecy principle and prohibits the disclosure of grand jury material except in the limited circumstances provided for in Rule 6(e)(3)." *Id*. at 1346-47.

> Rule 6(e) exceptions apply only when a party seeking disclosure of grand jury material shows a 'particularized need' for it. A party seeking disclosure must show: (1) the material sought is needed to avoid possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is designed to cover only necessary material. That showing is required even after the grand jury deliberations have concluded.

*United States v. Valencia-Trujillo*, 462 F. App'x 894, 898 (11th Cir. 2012) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

To demonstrate a particularized need, a defendant "must show circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Aisenberg*, 358 F.3d at 1348-49 (internal quotations omitted). Unsubstantiated allegations do not satisfy the "particularized need" standard. *See United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985). "These same demanding standards apply even after the grand jury has concluded its operations." *Aisenberg*, 358 F.3d at 1348.

"No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." *Valencia-Trujillo*, 462 F. App'x at 898. A "district court has 'substantial discretion' in determining whether to compel that disclosure." *Id.* at 897 (quoting *Aisenberg*, 358 F.3d at 1349).

"[A] district court need not undertake *in camera* review where [] a defendant fails to show the existence of a factual basis for his claim." *United States v. Roemmele*, 646 F. App'x 819, 822

(11th Cir. 2016) (holding that the defendant did not establish "a significant need for disclosure of grand jury transcripts" and finding no abuse of discretion where the district court "declin[ed] to sift through the grand jury transcripts *in camera*").

## ARGUMENT

With his motion, defendant Vasquez has reprised his previously unsuccessful argument that release of S.A. Almeida's grand jury testimony is necessary because it may form the basis of a motion to dismiss the indictment. This is the precise argument raised by defendant Vasquez's former counsel during the March 4, 2025, hearing and the same argument that this Court expressly rejected. *Compare* Tr. 9:22-10:2 ("So if the Grand Jury then said, oh my goodness, this gentleman already confessed to everything -- maybe had they heard the exact words or close what his exact words were they may not have indicted -- or they may have indicted solely based upon the inaccuracies and the spin put on this by the agent if his testimony was the same as his ROI's, which I would anticipate it probably was.") *with* DE 261 at 5 ("If SA Almeida took the same liberties in his testimony as he did in his ROIs, Mr. Vasquez has grave doubts as to whether the Grand Jury proceedings were fundamentally fair.").

Nothing about the argument has changed and though directed to by the Court, defendant Vasquez has not cited "a case on all fours" in renewing his argument. Tr. 10:4-5. This is likely because Eleventh Circuit case law does not support defendant Vasquez's argument. *See United States v. Burke*, 856 F.2d 1492, 1496 (11th Cir. 1988) ("Particularized need is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss."); *United States v. Price*, 582 F. App'x 846, 849 (11th Cir. 2014) (finding no abuse of discretion for denying release of grand jury testimony defendant sought to prepare motion to

5

dismiss).[1]

Furthermore, as set out in the government's prior response in opposition to defendant Vasquez's motion to "exclude false statements," the government produced 23 search warrant applications and accompanying affidavits and five tolling orders and associated applications and affidavits, the majority of which were sworn out by S.A. Almeida. *See* DE 88 at 5. In response to that motion, the government also produced all agent notes for defendant Vasquez's proffer sessions. In none of that material has defendant Vasquez pointed to a single use or mischaracterization of his statements made during proffer sessions. Rather, the ROIs reflect accurate summaries of the agent's thoughts and impressions of defendant Vasquez's statements, and the Government has not conceded otherwise. *See* DE 88 at 8. The assumption in defendant Vasquez's motion — that the agent "took . . . liberties in his testimony" — is premised entirely on his own lawyer's affidavit disagreeing with the agent's characterization of certain statements, a showing that falls well short of a "compelling and particularized need." *Aisenberg*, 358 F.3d at 1349. To the extent defendant Vasquez disagrees with the agent's report, the appropriate remedy is cross-examination of the agent should he testify at trial, not disclosure of secret grand jury materials. *See, e.g.*, *United States v. Ramamurthy*, No. 18-cr-20710, 2019 WL 451175, at *5 (S.D. Fla. Feb. 5, 2019) (J. Goodman).

The second basis advanced by defendant Vasquez in support of his motion to compel S.A. Almedia's grand jury testimony is similarly unavailing: that defendant Vasquez needs access to the transcript in order to decide whether Vasquez will testify at trial, which is currently six months

---

[1] Nor is defendant Vasquez's request narrowly tailored. "Even where," unlike here, "persons requesting disclosure have carried the burden of showing that they have a compelling and particular need . . . and that their need for disclosure outweighs the secrecy need, access is limited and covers only those materials actually needed." *Aisenberg*, 358 F.3d at 1349. Defendant Vasquez has put forth no argument supporting disclosure of all of S.A. Almeida's grand jury testimony as opposed to a smaller subset — for example, any testimony related to defendant Vasquez's statements to law enforcement.

away. As an initial matter, this Court previously decided that it was premature to order the government to produce potential *Jencks* material seven months in advance of trial as then set (*i.e.* March 2025 hearing, October 2025 trial date). Defendant Vasquez's motion, made six months in advance of trial, is similarly premature.

Of course, if the government calls S.A. Almeida at trial, relevant portions of his grand jury testimony would be produced as required by *Jencks*. 18 U.S.C. § 3500(c). *See also United States v. Denton*, 535 F. App'x 832, 837 (11th Cir. 2013) (holding no violation of the *Jencks* Act in not turning over agent's grand jury testimony because the agent was not a government witness at trial).

Even though *Jencks* material is not ordered to be produced until April 6, 2026 — based on the joint motion for scheduling order that all parties agreed to (DE 251) — the government will agree to provide relevant portions of S.A. Almeida's grand jury transcript on February 23, 2026, the date the government's witness list is due, if S.A. Almeida is on the witness list. If S.A. Almeida is not a government witness, his prior statements are not *Jencks* material. Because defendant Vasquez has not put forth "a compelling and particularized need" requiring infringement of the long-established policy that grand jury proceedings in federal courts should be kept secret, there is no other basis for releasing the grand jury transcript at this time.[2] *Aisenberg*, 358 F.3d at 1349.

For the foregoing reasons, defendant Vasquez's motion to compel should be denied.

Respectfully submitted,

LORINDA I. LARYEA  
Acting Chief

JASON A. REDING QUIÑONES  
United States Attorney

---

[2] Because the "defendant fail[ed] to show the existence of a factual basis for his claim," *in camera* review is also unnecessary. *Roemmele*, 646 F. App'x at 822. However, should the Court seek to review *in camera* the relevant portions of the grand jury transcript, the government asserts that the Court will find that the transcript does not support defendant Vasquez's speculative allegations.

| | |
|---|---|
| */s/ Jil Simon* | */s/ Robert J. Emery* |
| JIL SIMON (A5502756) | ROBERT J. EMERY |
| CONNOR MULLIN (A5503222) | Assistant U.S. Attorney |
| Fraud Section, Criminal Division | Southern District of Florida |
| U.S. Department of Justice | Court ID No. A5501892 |
| 1400 New York Avenue NW | 99 Northeast 4th Street |
| Washington, DC 20530 | Miami, Florida 33132-2111 |
| Tel: (202) 514-3257 | Tel: (305) 961-9421 |
| Jil.simon@usdoj.gov | Robert.Emery2@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on October 28, 2025, and therefore on all counsel of record.

/s/ *Jil Simon*
Jil Simon
Trial Attorney