UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW(s)

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JORGE MIGUEL VASQUEZ,

      Defendant.

_____/

**MOTION TO COMPEL INFORMATION RELATED TO THE
SEARCH AND SEIZURE OF MR. VASQUEZ'S ELECTRONIC DEVICES**

Jorge Vasquez respectfully requests that the Court order the Government to produce to Mr. Vasquez (a) the documents it intends to put on its exhibit list from Mr. Vasquez's seized phone and computer; and (b) the audit trail showing the details of its search and seizure from the seized devices. The Court has already ordered the Government to produce parallel items as it relates to Mr. Piñate's Motion to Suppress. (DE 154, DE 397). As Mr. Vasquez contemplates filing his own Motion to Suppress, on the same grounds as Mr. Piñate, the disclosure of these items from the search and seizure of Mr. Vasquez's devices will either inform or obviate the need for such a motion.

At a hearing on May 6, 2026, the Court considered arguments related to Mr. Piñate's Motion to Suppress. (DE 154). While not yet ruling on the Motion, the Court ordered the Government to produce to Mr. Piñate (1) the approximately twenty documents it intends to place on its exhibit list that were seized from Mr. Piñate's email accounts and iPhone, by two weeks after the hearing; and (2) the audit trail

showing the details of its search and seizure of those same accounts and devices, by four weeks after the hearing. (DE 397).

As the Court knows from Mr. Vasquez's pending Motion to Suppress, Mr. Vasquez's phone and laptop were also seized and searched. He faces the same issue as Mr. Piñate: the warrant's attachment imposed particularized limitations on the scope of the search, and the Government appears to have disregarded those limitations in conducting its search of Mr. Vasquez's devices. As Mr. Vasquez contemplates whether to file his own motion to suppress on these grounds, he requested that the Government produce to him the same items the Court ordered produced to Mr. Piñate. The Government responded that it will not voluntarily produce the documents it intends to use from Mr. Vasquez's devices or the audit trail explaining how it conducted the search – the very same information the Court has already compelled the Government to produce for Mr. Piñate.

Mr. Vasquez is evaluating whether to file his own motion to suppress on the same grounds as Mr. Piñate. Whether such a motion is warranted, however, depends on how the Government conducted the search and what it intends to use from the search. Without the exhibit list and audit trail, Mr. Vasquez cannot make an informed assessment of whether suppression is necessary or appropriate. Mr. Vasquez could just file a motion to suppress. But in requesting these items from the Government, Mr. Vasquez may avoid filing an unnecessary motion. If the Government confined its search to the warrant's parameters and the materials it

intends to use fall within those parameters, a suppression motion may be unnecessary.

Compelling this production now serves the interests of judicial efficiency. If the disclosures reveal a basis for suppression, Mr. Vasquez can file a targeted, well-supported motion. If they do not, Mr. Vasquez may determine that no motion is needed at all, sparing the Court and the parties the time and expense of additional briefing and a suppression hearing.

Mr. Piñate and Mr. Vasquez are co-defendants in the same case, charged arising from the same alleged conduct, and subject to searches conducted pursuant to warrants with the same alleged defect in their execution. The Government cannot credibly argue that this information is irrelevant, privileged, or otherwise undiscoverable as to Mr. Vasquez when it is simultaneously being ordered to produce the equivalent for Mr. Piñate.

Undersigned counsel conferred with the Government and requested the items be voluntarily produced. The Government indicated it would produce the items on its exhibit list in October, consistent with the Court's prior scheduling order. It opposes earlier production of the requested items.

For the foregoing reasons, Mr. Vasquez respectfully requests that the Court order the Government to produce: (a) the documents it intends to put on its exhibit list from Mr. Vasquez's seized phone and laptop, within two weeks of the date of this Motion; and (b) the audit trail showing the details of its search and seizure from those devices, within four weeks of the date of this Motion.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff
Florida Bar Number 0086951
lkrasnoff@markuslaw.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on May 13, 2026.

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff